UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SYLVESTER HOLDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 05 C 0381 |
| | ) |
| CHICAGO POLICE OFFICER J. BALDWIN, | ) |
| Star #40038; CHICAGO POLICE OFFICER D. | ) |
| BRANDT, Star # 40198; and the CITY OF CHICAGO, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

This matter comes before the court on the motion of Chicago Police Officers John Baldwin and David Brandt (collectively referred to as "the officers") and the City of Chicago (the "City") (collectively referred to as "Defendants") to dismiss Counts II, III, and IV of the Plaintiff Sylvester Holden's complaint, pursuant to Fed. R. Civ. Proc. 12(b)(6). For the reasons set forth below, Defendants' motion is granted in part and denied in part.

### BACKGROUND

According to the allegations of the complaint, which we must accept as true for purposes of this motion, the officers arrested Holden on suspicion of child abuse on

January 23, 2004. Holden alleges that, while he was in custody at police headquarters on the morning of January 24, 2004, Baldwin beat him and told him that he would be "locked up forever" if he did not confess to abusing his child before a state prosecutor. The complaint contends that Baldwin told Holden what to tell the prosecutor and left him in the interview room. Holden claims that he initially related Officer Baldwin's version of events as instructed but then refused to sign a written statement containing the same assertions. The officers' testimony regarding Holden's oral confession before a grand jury led to indictment and confinement on felony charges pending trial. At the end of September, Holden successfully moved to quash his arrest. About a month later, the charges against him were dropped and he was released from custody.

On January 21, 2005, Holden filed a nine-count civil rights action against the officers and the City. Defendants now move pursuant to Fed. R. Civ. Proc. 12(b)(6) to dismiss three of the nine counts for failure to state a claim. The challenged causes of action center around the contention that the officers knowingly communicated false information to the state prosecutor and the grand jury.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss is used to test the legal sufficiency of a complaint. <u>Gibson v. City of Chicago</u>, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, a court must draw all reasonable inferences in favor of the

plaintiff, construe allegations of a complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993); Perkins v. Silverstein, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. Kyle v. Morton High Sch., 144 F.3d 448, 454-55 (7th Cir. 1998). The plaintiff need not allege all of the facts involved in a claim and can plead conclusions. Higgs v. Carter, 286 F.3d 437, 439 (7th Cir. 2002); Kyle, 144 F.3d at 455. A pleading need only convey enough information that the defendant is able to understand the gravamen of the complaint. Payton v. Rush-Presbyterian-St. Luke's Med. Ctr., 184 F.3d 623, 627 (7th Cir. 1999). However, any conclusions pled must "provide the defendant with at least minimal notice of the claim." Kyle, 144 F.3d at 455. A plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the basis" of the claim. Perkins, 939 F.2d at 466-67.

**DISCUSSION**

**I. Count IV: § 1983 Claim for Malicious Prosecution**

As described above, the motion challenges three counts of the complaint. For analytical ease, we consider them in reverse order. In their initial memorandum in support of the instant motion, Defendants indicated that they had alerted Holden's counsel that Count IV could not stand in the face the Seventh Circuit's disavowal of a viable federal cause of action for malicious prosecution in Newsome v. McCabe, 256 F.3d 747 (7th Cir. 2001). According to Defendants, counsel agreed that she would not oppose the dismissal of Count IV, and though it does not explicitly so state, Holden's response does not address the merits of the Defendants' arguments with respect to this count. As their arguments advanced are in harmony with our understanding of the Newsome holding, we agree that Count IV does not state a claim upon which relief can be granted, and it is accordingly dismissed.

**II. Count III: § 1983 Claim for Violation of Due Process and Right to a Fair Trial**

Next, we turn our attention to Count III of Holden's complaint, since the civil conspiracy described in Count II depends in part upon individual violations alleged in Count III. Count III alleges that the officers violated Holden's right to a fair trial and due process of law when they prepared false case reports, when Baldwin allegedly

provided false testimony before the grand jury, and when the officers falsely testified during the hearing on Holden's motion to quash.

Although Count III and Holden's response to the instant motion list several different events as the underpinning of the cause of action advanced, they all ultimately rest on the confession itself. In essence, Holden contends that the officers violated his right to a fair trial by obtaining the false confession and then repeating it as true at later stages of the proceedings. He does not contend that he did not make the spoken confession, only that the officers coerced him to confess falsely. Holden insists that the Supreme Court's holding in Brady v. Maryland imposed a duty on the officers to report the events allegedly surrounding his confession to the prosecutor, the grand jury, and the court. 373 U.S. 83, 87, 83 S. Ct. 1194, 1196-97 (1963).

Because Holden was present at and therefore aware of the events around which his claims revolve, his argument faces a significant hurdle in the form of the Seventh Circuit's decision in Gauger v. Hendle. 349 F.3d 354, 360 (7th Cir. 2003). In that case, the court concluded that police officers and prosecutors have no obligation under Brady to disclose facts or materials to criminal defendants of which they are already aware. Id. Holden argues that Gauger is inapplicable here because of the alleged coercion of his confession as well as his contention that the officers concocted its contents, rather than simply leaving out a portion of a story that he independently

related to them. These distinctions are not sufficient to render <u>Gauger</u> inapposite. First, the appellate court did not take any alleged coercion into account in reaching the decision in <u>Gauger</u>. In fact, the opinion specifically states that, although arguing coercion at the trial level, Gauger did not pursue that issue on appeal. As a result, the appellate court did not consider what effect, if any, excessive force by interrogating officers would have in the situation presented here. <u>Id.</u> at 357. While we of course do not condone any improper interrogation techniques by police officers and that conduct, if shown, can have other consequences particularly with respect to the use of the confession to prove guilt in the criminal arena, the presence or absence of coercion of a confession adds nothing to the analysis of whether a <u>Brady</u> violation has occurred.

Though he does not say so in so many words, the main thrust of Holden's argument is that the alleged conduct of the officers would compromise his ability to challenge the impact of the confession at trial. He asserts that the confession was false; the officers assert that it is true. Holden's ability to persuade a jury to accept his version of events probably would be enhanced or even ensured if the officers admitted to the actions he alleges they took. However, it is the duty of the effective cross-examiner to bring this to light, not the investigating officer. By virtue of his presence at the events in question, Holden has all of the information he needed to challenge the officers' testimony; what he wishes is information that would allow him to undoubtedly

convince.  Brady requires the former, but not the latter.  See id. at 360; Mahaffey v. Schomig, 294 F.3d 907, 917 (7th Cir. 2002).  As a result, even if all of Holden's allegations are true, the alleged actions of the officers did not run afoul of Brady, so Count III must be dismissed.

### III.    Count II: § 1983 Civil Conspiracy Claim

Holden next alleges in Count II of his complaint that Defendants engaged in a civil conspiracy under § 1983 when they wrongfully arrested and detained him, filed false statements and reports, withheld information from the prosecutor, and provided false testimony.  To adequately plead a conspiracy under § 1983, a plaintiff must show that a defendant voluntarily participated in a common venture to violate a plaintiff's constitutional rights.  Jones v. City of Chicago, 856 F.2d 985, 992 (7th Cir. 1988).  A complaint alleging that the defendant understood, accepted, and agreed to further the objectives of the conspiratorial scheme is sufficient to state a claim.  Id.

Defendants contend that the nonviability of Counts III and IV necessitates the dismissal of Count II as well.  It is certainly true that a § 1983 conspiracy claim is eviscerated when the plaintiff fails to adequately plead or establish an underlying constitutional injury.  Cefalu v. Village of Elk Grove, 211 F.3d 416, 423 (7th Cir. 2000); Hill v. Shobe, 93 F.3d 418, 422 (7th Cir. 1996).  However, Count II refers to multiple underlying constitutional injuries: that asserted in Count I for false arrest as

well as that in the dismissed counts. Although Defendants mention Count I in conjunction with the arguments in their memorandum in support, the sole argument made against Count II is the absence of allegations of an underlying constitutional violation.[1] Because the allegations of Count I survive, so does the portion of Count II premised upon them. Thus, the motion to dismiss is denied as to Count II.

## CONCLUSION

Based on the foregoing analysis, Defendants' motion to dismiss is granted with respect to Counts III and IV. The motion is denied with respect to Count II as indicated within the court's opinion.

_____
Charles P. Kocoras
Chief Judge
United States District Court

Dated:  July 13, 2005

---

[1] Defendants advance further arguments in their reply brief, but their late appearance results in their waiver. See, e.g., 398 F.3d 640, 643 (7th Cir. 2005).